IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANA D. MOHAMMADI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| AUGUSTINE NWABUISI, | § | CIVIL ACTION NO. SA-12-CA-0042 DAE |
| ROSE NWABUISI, | § | |
| RESOURCE HEALTH SERVICES, INC. | § | |
| d/b/a RESOURCE HOME HEALTH | § | |
| SERVICES, INC., and RESOURCE | § | |
| CARE CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE DAVID A. EZRA:

### I.     Procedural Background

1.     On January 13, 2012 Plaintiff filed suit. In Plaintiff's Amended Complaint, Plaintiff sued for:

   a)     Causes of action under the Fair Labor Standards Act ("FLSA"), failure to pay overtime and failure to pay minimum wage;

   b)     Retaliation Pursuant to the FLSA, 29USC §215(a)(3);

   c)     Violations of the Texas Minimum Wage Act; and

   d)     Breach of Contract.

2.     This Court granted judgment summarily on the FLSA Retaliation claim, on any claim asserted under the Texas Minimum Wage Act and all common law claims including breach of contract.

3.     The issues before this Court are the FLSA overtime claim and on the FLSA minimum wage claim.

4.      In Defendants' Response to Plaintiff's Motion for Partial Summary Judgment (Doc. # 36) Defendants pointed out that Plaintiff's response to  mandatory disclosures Fed. R. Civ. P. 26(a) were incomplete as while a damage number to the penny, $130,472.95, is given, there is no calculation, as is required, or computation, model or basis to provide Defendants or this Court with a clue as to how this number is derived.    Though supplementation was promised none was provided. Further, in Defendants' Motion for Summary Judgment (Doc. #33) Defendants   pointed   out at paragraph 21 that the Plaintiff's Answers to Interrogatories, Responses to Admissions and Responses to Request for Production submitted by Plaintiff are  inadequate, and do not provide any information or documentation requested.  Though supplementation was promised it was never forthcoming.   Prior to trial, Plaintiff provided no calculation, basis or computation for damages claimed,   prejudicing Defendants as, though Defendants asked the appropriate questions and has placed Plaintiff on notice of her inadequacies in the discovery process, none was provided.

5.      A party has a duty to supplement its disclosures and discovery responses.  Fed .R. Civ. P. 26(a)(1) The duty implies whenever a party learns that an earlier response or disclosure is incomplete or incorrect; the duty is not limited to situations where the failure to supplement would constitute a "knowing concealment".  *See Reed v. Iowa Marine and Repair Corp., 16 F3d 82, 84-85(5th Cir. 1984)( rule no longer requires 'knowing concealment")* Supplementation, however, cannot be used to extend deadlines - that is to provide information that should have been included in the original disclosure or response.  *Sierra Club v. Cedar Point Oil Co., 73 F3d 546, 571 (5th Cir. 1996).*

6.      The burden to supplement is on the party responding to discovery, not the party requesting discovery.  See *Harriman v. Hancock City, 627 F3d 22, 29 (1st Cir. 2010).*   The types of discovery that require supplementation are the mandatory disclosures, (Fed. R.Civ. P. 26(e) requires supplementation of all mandatory disclosures required by Fed .R. Civ. P.   26(a)), and to interrogatories, requests for production and request for admissions. Fed. R. Civ. P. 26.  If a party does

not timely supplement or correct disclosures or other forms of discovery, the party cannot use that information or witness to supply evidence unless the failure to respond was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1) and See *Finley v. Marathon Oil Co., 75 F3d 1225, 1230 (7th Cir. 1996)*. The Court can award the same sanctions for not supplementing discovery responses as it can for not supplementing disclosures. Fed. R. Civ. P. 37( c)(1) and See *Campbell v. M/V Gemini, 619 F2d 24, 27 (9th Cir. 1980)* Thus the failure to timely supplement discovery responses may result in the imposition of sanctions, including the exclusion of evidence or testimony. See *Ortiz-Lopez v. Focidad Espanola de Auxilio Mutuo e Beneficiencia P.R., 248 F3d 29, 33*. When faced with the accusation that a party has not properly supplemented a discovery response, a Court may look at the conduct of the trial, the importance of the evidence to the non-supplementing party, the opposing party's ability to formulate a response and the reason for not timely supplementing. *Thiveault v. Square D Co., 960 F2d 239, 244 (5th Cir. 1992)*. The failure to supplement early discovery responses required by Fed. R. Civ. P.26(e) will result in a mandatory sanction prohibiting the use of undisclosed witnesses or evidence on a motion, at a hearing or a trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37( c)(1).

7. This is truly trial by ambush, prejudicial to Defendants' trial preparation and defensive tactics of Defendants. Interrogatory No. 7 propounded by Defendants in June 2012 (Exhibit "2" hereto) asks the Plaintiff

**INTERROGATORY NO. 7:** For each week and/or pay period in which you allege you were entitled to overtime pay but were not paid overtime. Please specify the week, the hours that you worked and the amount you were paid."

Plaintiff's responses was:

**RESPONSE:**

Plaintiff objects to the foregoing Interrogatory on the grounds that it is overly broad, unduly and compliance therewith is unduly burdensome. Plaintiff further objects that Defendants are legally required to maintain accurate records of hours worked and pay received and have ample opportunity to discover the response to the foregoing Interrogatory. Furthermore, Plaintiff's

First Set of Requests for Production requested the timekeeping records that accurately reflect all hours Plaintiff worked while in Defendants employ; however, after the expiration of Defendants' time to respond, Defendants failed to produce these records.

Plaintiff reserves the right to supplement her responses to Interrogatory No. 7 upon Defendants' provision of all the hours Plaintiff worked while in Defendants' employ.

No single week or pay period is identified and there is no calculation. Plaintiff's answer seems to indicate that her basis for overtime calculation would be solely on the time keeping records submitted by Plaintiff to Defendant during her employment. Defendant provided these records in the discovery time frame such that the same served as a basis for Plaintiff's Motion for Summary Judgment and as a joint trial exhibit. However in Pre-Trial Disclosures, we learn that this is not true and her damage claim is going to be based on Plaintiff's "recollected" testimony at trial. Obviously, Plaintiff is the one with this alleged knowledge but no day, week, pay period or any basis for calculation for damages has ever been provided though specifically requested.

8. The critical nature of this evidence is summarized by Plaintiff who states that the "evidence Plaintiff will present in her testimony regarding her hours worked and overtime compensation received is the essence of the Plaintiff's claim." (See Document #59 page 9 paragraph 31). One would assume that if it is the "essence of the claim" it would certainly been provided in disclosures and in answer to an interrogatory question which specifically requested that she identify the same. Plaintiff's argument that it should not be exclude under F.R.C.P. 37(C)(1) as the failure to supply the evidence was substantially justified or harmless cannot be supported by Plaintiff's own admissions that the same evidence is the "essence" of their claim. At it has been intentionally withheld without justification, it should be excluded.

## FINDINGS OF FACT

9. The Plaintiff is Dana Mohammadi f/k/a Dana Nassouri. Resource Health Services, Inc. has its head office in Houston with a branch office in San Antonio. Resource Care Corporation has its head office in Houston and a branch office in Austin. Both are Texas-based corporations that

provide a range of in-home healthcare services, including nursing care. The companies will be jointly referred to as "Resource." Both corporations are wholly owned by Defendant Rose Nwabuisi, who is also the Nurse Administrator in charge of the nurses, and Defendant Augustine Nwabuisi who is the CEO of both corporations. Plaintiff Dana Mohammadi was employed as a licensed vocational nurse ("LVN") by Resource Health Services, Inc. in the San Antonio branch from June 16, 2009 to November 15, 2010. Plaintiff Dana Mohammadi resigned her employment from Resource Health Services, Inc. to pursue other employment. Plaintiff, requested to be re-hired but was told this was not possible in San Antonio due to previous problems she caused in that office. She was re-hired by Resource Care Corporation in Austin for the month of October 2011 and was then terminated.

10.     At Resource, the standard work day is 8:30 a.m. to 5:00p.m. with one-half hour for lunch. Resource uses a timecard system where employees are required to clock in and clock out. The head office of Resource is in Houston so the timecards are sent to Houston to process payroll. Resource relies on its employees to be honest when using the time card system. There are policies and procedures in place for employees to record time if employees work outside the office. If a nurse, like Plaintiff, sees a patient after hours the nurse must complete a document called a Patient Visit Record. The record is also mandated under the Nurse Practitioner Act as it details all treatments a nurse provides to the patient. Again this is done on the honor system where the nurse completes this document including the time she arrives, the time she left and the treatment provided. This document is then submitted to the head office for payroll.

11.     Plaintiff complains that she worked additional hours not recorded and without compensation, that she worked overtime and seeks overtime pay. Plaintiff alleges that Resource knew she worked these additional hours. Defendants deny that they were aware that Plaintiff was actually working any hours for which she was not paid, denies she worked overtime hours,

deny overtime was necessary and assert that Plaintiff abused the procedures that were in place for time reporting.

12.    During the course of her employment, Plaintiff borrowed a total of $5,700.00 from her employer Resource with the understanding these moneys could be deducted from her pay check. Plaintiff asserts that Resource deducted moneys in excess of her loan amount and therefore has been under paid.    Resource denies this claim.    This Court finds from the evidence that Resource deducted from Plaintiff's pay, after withholding and paying Plaintiff's taxes, social security and Medicare contribution, the loan that was due to them so there is no claim remaining against Resource Care Corporation, the place of her final employment.

13.    Resource put into place adequate procedures to ensure that the employees' actual work hours including overtime, if any, are accurately reported and paid. A summary of these procedures are:

a)    Standard work day -8:30 a.m. to 5:00 p.m. Monday through Friday with thirty (30) minutes for lunch.

b)    Each employee is required to clock in utilizing a timecard system and to clock in and clock out when they leave work for non-work related activities.

c)    The pay period is on the 1st and 15th of each month.

d)    On the first work day following the end of a pay period, the office manager would review each of the timecards with each of the employees.    If an employee states that there was any work outside the regular work day not recorded on the timecard then the office manager would note the same on the timecard and the office manager and employee would sign the timecard and the same would be forwarded to the head office in Houston for producing payroll.

e)     LVNs are responsible for accurately completing Patient Visit Record Section 217.11 Standard of Nursing Practitioner's Act and, Resources Policies and Procedures require LVN's to complete a Patient Visit Record for all skilled nursing visits. This record indicates the patient's name, and contains all skilled nursing procedures administered to the patient and medications provided. It further delineates the time the LVN arrives at the patient and the time she left. Skilled nursing visits are to be conducted between 8:30 a.m. and 5:00 p.m. unless it is physically impossible for the patient.

f)     If it is necessary for skilled nursing visit to be conducted outside the regular office hours, Resource pays to the skilled nurse a flat rate between $30.00 and $35.00 for the visit.

g)     The average time of the visit is between thirty (30) and forty-five (45) minutes.

h)     The LVN is mandated to complete a Patient Visit Record for each visit conducted after hours and the same is submitted to the office manager in San Antonio. The office manager reviews the Patient Visit Records with the LVN employee at the same time the timecard is reviewed and then submits the timecard and each after hours Patient Visit Record to Houston for payroll payment.

i)     If there is any dispute concerning pay, it is first addressed with the office manager in San Antonio subsequently the accountant and ultimately Rose Nwabuisi for resolution.

j)     Resource has to rely on the honesty of its employees regarding the time clock and completing the Patient Visit Records. Hence, Resource mandates that if an LVN wishes to work overtime he or she must seek authorization from management with the reason for the overtime work. Under normal circumstances, all nursing visits and the scheduling of providers is completed between the 8:30 a.m.- 5:00 p.m. time period.

Resource has demonstrated, that if an employee requests authorization for overtime and the same is approved the overtime is paid.

14. The Court finds the employer had reasonable procedures in place to report all hours worked by an employee. The credible testimony shows that Plaintiff Dana Mohammadi abused the Patient Visit Records system, the checks balances and the time card system to substantially over report the hours she actually worked and mis-report the times she visited patients to make it look like an after-hours visit.

15. There is no credible evidence that Plaintiff actually worked more than forty (4O) hours per week. The credible evidence establishes that Plaintiff abused the reasonable standards and procedures put into place by Resource for the accurate reporting of employee hours and the employee Plaintiff did so intentionally.

16. Though mandated by Fed R. Civ. Proc. 26(a) in Initial Disclosures and specifically requested in Interrogatory No. 7, Plaintiff never provided a calculation of damages nor did Plaintiff provide any particular day, week, month or pay period in which she claims to have worked overtime hours. It is a reasonable inference that Plaintiff refused to do so to mislead this Court as to her actual hours worked.

## CONCLUSION OF LAW

17. Time spent on the activity that is primarily for the benefit of the employer is compensated in work time. *29 CFR§785.7, 785.28 Wear v. Wills, 420 F3d 823, 829 (8th Cir. 2005)* Much of the time Plaintiff claims to have work was not "time spent on the activity that is primarily for the benefit of the employer" and, even though she was paid for it was not compensable work.

18. There is no evidence that Defendants prevented the Plaintiff from reporting overtime. Defendants have in place a reasonable process to report uncompensated work time which the

Plaintiff abused. The FLSA Plaintiff must prove by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated. *White v. Baptist Memorial Health Care Corp, 699 F.3d 869, 872(6th Cir 2012)(citing Myers v. Compass Seller Corp., 192 F.3d 546, 551(6th Cir. 1999)* Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time an employer is not liable for non-payment if the employee fails to follow the established process. See *Hurst v. Woodbury County, 556 F.3d 775, 781-82(8th Cir. 2009), Newton v. City of Henderson, 47 F.3d 746 7490-50 (5th Cir. 1995)* When the employee fails to follow reasonable time reporting procedures she prevents the employer from knowing its obligations to compensate the employee and thwarts the employer's ability to comply with the FLSA. See *Hurst 566F.3d at 781-82; Newton 47F.3d at 749-50.* Plaintiff employee in this case, abused the timecard system and other processes put in place by employer to report compensable overtime by manipulating the process to receive pay for time when she was not at work by falsifying records. Plaintiff falsified patient visit records that either were or should have been conducted during the regular work hours noting the time as after hours. The employee simply does not carry her burden for overtime claim.

19.      The employer kept records however, their accuracy is in question because of the employee's intentional acts to falsify the claim. The employee has not carried out her burden proving that she had in fact performed work for which she was improperly compensated and has not produced sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference. Therefore under *Anderson v. Mt. Clemens Pottery, Co., 328 US 680 (1946)* the burden has not shifted to the employer and this Court will not award damages to the employee. This Court will not award an employee for her misconduct of intentionally falsifying time records. A Plaintiff, to bring an action pursuant to the FLSA, based on unpaid overtime compensation must first demonstrate that she performed work for which she alleges she was not compensated. *Havell*

*v. Westwood Donne,NS, LLC., 433 F3d 428, 441 (1st Cir 2005); Reeves v. Int'l Tel. Intel Corp., 616 F2d 1342, 1351 (1st Cir. 1980) (holding that FLSA Plaintiff must show, "with definite and certain evidence that she performed work for which she was not properly compensated")(abrogated on other grounds by McLoughlin v. Richland Shoe Co., 486 US 128 (1989);( Anderson v. Mt. Clemens Pottery, Co. 328 UD 687-688 (1946)( Colindres v. Quiet Flex Manuf'g, 427 F.Sup2d 737, 752-53 (FD Tex 2006)(quoting Marshall v. Mom's Fried Chicken, Inc., 590 F2d 598 (5th Cir. 1979)* Plaintiff has failed to provide definite and certain evidence that she provided any work outside the regular forty (40) hour work week. In fact, the evidence is to the contrary.

## CONCLUSION

20.     For the reasons stated above this Court finds that Plaintiff shall take nothing against Defendants and the case is dismissed.

21.     Defendants submitted these requested Findings of Facts and Conclusion of Law.

Respectfully submitted,

GLENN J. DEADMAN, P.C.
509 South Main Avenue
San Antonio, TX 78204
(210) 472-3900 — Telephone
(210) 472-3901 — Facsimile

Glenn J. Deadman
State Bar No. 00785559

### CERTIFICATE OF SERVICE

I certify that a true copy hereof was sent via facsimile to Claire Rodriguez, attorney at law, Equal Justice Center, 6609 Blanco Road, Suite 260, San Antonio, Texas 78216, attorney for Plaintiff on this _____ **20** day of August, 2013.

Glenn J. Deadman
Attorney for Defendant