IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANA D. MOHAMMADI § § *Plaintiff* § § § AUGUSTINE NWABUISHI, § ROSE NWABUISI, § RESOURCE HEALTH SERVICES, INC.§ d/b/a RESOURCE HOME HEALTH § SERVICES, INC., and RESOURCE § CARE CORPORATION § § *Defendant* § | CIVIL CASE NO. SA-12-CA-0042 RP |

## DEFENDANTS' PROPOSED FINDING OF FACTS AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE ROBERT L. PITMAN:

### 1. Procedural Background

1. Plaintiff filed a claim for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq.

2. On January 2, 2014 the Court entered its Findings of Fact and Conclusion of Law (Doc.#81) finding that Plaintiff did work hours for Defendants for which she was not compensated and entered an order in favor of Plaintiff and against Defendants in the amount of $38,100.49 in unpaid wages, $38,100.49 in liquidated damages and reasonable attorneys fees and expenses. The Court had previously had entered an Order on a Motion for Summary Judgment finding the actions of the Defendants were willful.

3. Defendants appealed the Court's Final Order which included the Court' Summary Judgment Order to the Fifth Circuit Court of Appeals. On March 25, 2015, the Fifth Circuit Court of Appeals entered an Order holding that this Court's decision of whether the actions of Defendants were willful

was a factual question and remanded it to this Court for trial on the merits.

## 2. Proposed Finding of Facts and Conclusions of Law

3. Resources Health Care Services, Inc. ("Resource") is based in Houston, Texas.

4. Resource was attempting to expand its operation as a number of contracted clients desired the services of Resource in San Antonio, Texas.

4. Resource opened a new office in San Antonio, Texas that was initially staffed by three (3) persons of whom one was the Plaintiff.

5. Each of the three (3) persons to staff the San Antonio office received training in the head office in Houston, Texas.

6. Plaintiff, who is a Licensed Vocational Nurse ("LVN") hired to work as a Primary Home Care ("PHC") field supervisor for providers and as an LVN case manager. Her responsibilities were co-ordinating the provision of Primary Care Services ("PCS") and ensuring efficient and effective case management.

7. The office in San Antonio for the first couple of years was over staffed and did not have sufficient clientele for the staff to be fully occupied.

8. When the office opened, Resource installed a system for recording time against which wages would be paid. A timecard system was utilized.

9. Resource had a policy of paying no overtime unless authorized by management. At no time did Plaintiff seek authorization from management for overtime. Resource was aware that of overtime was authorized it would pay time and one-half.

10. It was the policy of Resource for each employee to utilize the timecard system to punch in and out of work. The standard work day was 8:30 a.m. to 5:00 p.m. with thirty (30) minutes for lunch, Monday to Friday.

11. The paid period was the first and fifteenth of each month. A system was established whereby each employee would meet with the office manager of payroll to review their timecard and ensure that the time on the card was accurately recorded and reflected all time worked. In addition to timecards, employees could submit claims for reimbursement of expenses, mileage and LVN visit sheets. Each employee reviewed these documents with the office manager to ensure all their time was accurately recorded. If there were any discrepancies the same was noted on the timecards. The timecards were then faxed to Houston, reviewed by the Houston office and then forwarded them to a Certified Public Accountant who generated payroll.

12. At no time during her tenure with Resource did Plaintiff complain that she was not being paid correct hours.

13. Resources utilized outside contracted local LVNs to perform patient visits both before and after normal work hours. Plaintiff requested that Defendants allow her to undertake LVN patient visits to earn extra money both before and after work. The standard pay rate for an LVN visit was $30.00 to $35.00 per visit. Each visit averages forty-five (45) minutes. Resource, believing it was assisting Plaintiff and, at Plaintiff's request, allowed her to perform LVN visits outside of the regular work hours. Neither Resource nor Plaintiff considered these visits would be counted against the forty (40) hour work week until this suit.

14. Resources' patient visits and work are document intensive. Without the necessary documentation Resource cannot obtain reimbursement from its contracted insurers including the State of Texas. Plaintiff did not provide documentation to Resource to justify any hours that she claimed outside the normal business day save and except the LVN visits which neither considered part of the forty (40) hour week prior to this suit.

15. Resource did not believe that any hours that Plaintiff was working outside business hours as

an LVN would place Defendants in violation of the FLSA. The State of Texas does not pay or reimburse Resource for overtime for Providers, so Resource believed that it did not have to pay overtime for Provider's visits.

16. Defendants had previously been sued in federal court by a former employee of Defendants who alleged that Resource had violated her rights under the FLSA by failing to pay overtime, the work undertaken on that case by both Plaintiff and Defendants was extensive. The case settled for a nuisance value payment verifying to Resource that its polices, practices and procedures were in compliance with the FLSA which her then counsel and the settlement of the case confirmed.

17. Resource made loans to Plaintiff, interest free, which demonstrates no intent to harm Plaintiff. .

## CONCLUSIONS OF LAW

18. The employee has the burden of demonstrating willfulness for the three-year limitations period to apply. See *Cox v. Brookshire Grocery, Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

19. Neither knowledge of the FLSA's potential applicability nor negligent or unreasonable conduct necessarily establishes willfulness, e.g. *Mclaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985); *Mireles v. Frio Foods,* 899 F.2d 1407, 1416 (5th Cir. 1990). An employer that "act[s] without a reasonable basis for believing that it was complying with the [FLSA]" is merely negligent, *McLaughlin*, 486 U.S. at 134-35, as is an employer that, without prior notice of an alleged violation, fails to seek legal advice regrading its payment practices, e.g. *Mireles*, 899 F.2d. At 1416.

20. Employers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention. See. e.g. *Ikossi-Anastasiou v. Bd. of Supervisors of La. State*

*Univ.,* 579 F.3d 546, 553 $ n.24 (5th Cir. 2009) (citing cases).

21. Failure to consult an attorney, without prior notice of alleged FLSA violations, does not constitute willfulness. *Mireles,* 899 F.2d at 1416.

22. *Reich v. Newspapers fo New Eng.* 44 F.3d 1060, 1079, 2 WH Cases2d 897 (1st Cir. 1995) (affirming finding of lack of willfulness despite testimony that employees were reprimanded for reporting more than forty (40) hours per week but employer paid overtime to those employees who did report hours over forty (40), where employee claimed that it paid for all reported overtime while discouraging its use.

23. *Cox. v. Brookshire Grocery Co.* 919 F2d 354, 355, 30 WH Cases 216 (5th Cir. 1990); *Mireles v. Frio Foods,* 899 F.2d 1407, 1416, 29 WH Cases1265 (5th Cir. 1990) (affirming finding that violation was not with respect to allegedly illegal waiting time pay practices where employer had discussed FLSA with state agency and had reviewed some publications on topic; and holding that failure to sell legal advice, negligence and acting unreasonably do not constitute knowing or reckless disregard for law.

24. *Pabst v. Oklahoma Gas & Elec. Co.,* 228 F3d 1128, 6WH Cases2d 609 (10th Cir. 2000) (finding alleged on-call time violation not willful); *Gilligan v. City of Emporia,* 986 F2d 410, 413, 1 WH Cases2d 425 (10th Cir. 1993) (holding alleged on-call time violation not willful.)

25. *Reich v. Department of Conservation & Natural Res.*, 28 F.3d 1076, 1084 2 WH Cases2d 385 (11th Cir. 1994) (finding failure of department to police its overtime prohibition for conservation officers not so reckless that court can overrule district court finding that it was not willful, nut more akin to negligence.

26. *Lopez v. Corporation Azucarera de P.R.,* 938 F2d 1510, 1515, 30 WH Cases769 (1st Cir. 1991) (finding FLSA violations not willful based on unreasonableness alone); *Mills v. Maine,* 853

F. Supp. 551, 555, 2 WH Cases2d 175 (D. Ne. 1994) (holding that more flagrant conduct than unreasonable behavior is required for finding of willfulness; briefing by DOL and inadequate monitoring of changes in law unreasonable but not reckless to comply with FLSA in classifying probation officers as exempt.

## CONCLUSION

27. Based on evidence presented Defendants request that based on Defendants' systems in place and Defendants' subjective and objective belief that Defendants were in compliance with the FLSA this Court find that Defendants' violations of the FLSA were at best negligent but were not willful, find that the two (2) year statute of limitations is applicable and adjust the damages accordingly and in accordance with the Opinion of the Fifth Circuit (Doc. #105) and such other just and equitable relief to which Defendants may show themselves entitled.

Respectfully submitted;

GLENN J. DEADMAN, P.C.
509 South Main Avenue
San Antonio, TX 78204
(210) 472-3900 — Telephone
(210) 472-3901 — Facsimile
*gjdeadman@aol.com*

Glenn J. Deadman
State Bar No. 00785559

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18 day of November 2015, a true and correct copy of the foregoing document was served on each party by my submission of the document to the State District court through the Court's efiling system:

**Philip J. Moss**
EQUAL JUSTICE CENTER
8301 Broadway St., Suite 309
San Antonio, Texas 78209
*Counsel for Plaintiff*
pmoss@equaljusticecenter.org

Glenn J. Deadman
*Attorney for Defendants*