IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANA D. MOHAMMADI, | § |
| | § |
|    *Plaintiff*, | § |
| | § |
| vs. | § |
| | § |
| AUGUSTINE NWABUISI, | § CIVIL ACTION NO. SA-12-CA-0042 RP |
| ROSE NWABUISI, | § |
| RESOURCE HEALTH SERVICES, INC. | § |
| d/b/a RESOURCE HOME HEALTH | § |
| SERVICES, INC., and RESOURCE | § |
| CARE CORPORATION | § |
| | § |
|    *Defendants*. | § |

### PLAINTIFF'S APPLICATION FOR TURNOVER AFTER JUDGMENT ON ATTORNEY'S FEES AND APPOINTMENT OF A RECEIVER

TO THE HONORABLE JUDGE ROBERT PITMAN:

Plaintiff, DANA D. MOHAMMADI, (hereinafter referred to as "Plaintiff" or "Applicant") makes this Application for Turnover after Judgment on Attorney's Fees and Appointment of a Receiver pursuant to Texas Civil Practice & Remedies Code, § 31.002 (Vernon 1986) (the "Turnover Statute") and Rule 69 of the Federal Rules of Civil Procedure, and in support thereof shows the following:

### I. THE JUDGMENT

1.  Applicant holds a judgment for attorney's fees in the amount of $172,411.75 against AUGUSTINE NWABUISI; ROSE NWABUISI; RESOURCE HEALTH SERVICES, INC. d/b/a RESOURCE HOME HEALTH SERVICES, INC.; and RESOURCE CARE CORPORATION, (hereinafter referred to as "Defendants"). (Dkt. No. 148).

2. Plaintiff filed suit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq*. This Court granted Plaintiff summary judgment on the issues of liability, liquidated damages, and willfulness. (Dkt. No. 46). Judge David Ezra conducted a bench trial to resolve the remaining issues in dispute, which resulted in an award of unpaid wages and liquidated damages in Plaintiff's favor. (Dkt. No. 81). Additionally, Judge Ezra awarded Plaintiff $113,174.25 in attorney's fees. (Dkt. No. 96). The Defendants appealed the Court's Findings of Fact and Conclusion of Law. However, the Court denied Defendants leave of Court to extend their time to appeal the Court's first award of attorney's fees. (Dkt. No. 98).

3. On appeal, the Fifth Circuit affirmed all but one of this Court's findings, reversing and remanding only on the question of whether or not the Defendants' violations were willful. (Dkt. No. 105.)

4. After a one-day bench trial, this Court entered a judgment in Plaintiff's favor as to the issue of willfulness. (Dkt. No. 134). Furthermore, this Court granted Plaintiff's Third Motion for Attorney's Fees that were reasonably incurred on appeal before the Fifth Circuit and during the one-day bench trial following remand, finding that Plaintiff was entitled to an additional $59,237.50 in reasonable attorney's fees. (Dkt. No. 148).

5. Plaintiff has collected the underlying judgment in the amount of $38,100.49 in unpaid wages and $38,100.49 in liquidated damages. The Bexar County District Court, 57th Judicial District, appointed Thomas Kolker as turnover receiver in regard to the underlying judgment for unpaid wages and liquidated damages. (See Exhibit "A," Declaration of Plaintiff's Attorney, Philip J. Moss). This receivership was closed on November 7, 2014. (Ex. A). However, to date Defendants have not paid Plaintiff any of the $172,411.75 in attorney's fees awarded by the Court, nor have they posted a bond with the Court. (Ex. A).

6. Defendants amended their Notice of Appeal (Dkt. No. 149) to reflect their appeal of the Court's order granting Plaintiff's Third Motion for Attorney's Fees. However, to date, the Defendants have posted no bond pertaining to the unpaid attorney's fees award.

7. A separate document is not required for an order disposing of a motion for attorney's fees. F.R.C.P 58(a)(3). An order granting attorney's fees constitutes a final judgment upon being entered into the civil docket. F.R.C.P. 58(c)(1).

8. Plaintiff would show the Court that the Defendants are believed to be the owners of property described as accounts receivable from Medicare and Medicaid that cannot be levied by ordinary legal process. (Ex. A). The property is not exempt from seizure for satisfaction of the judgment.

## II. PROPERTY SUBJECT TO TURNOVER

9. Pursuant to Texas Civil Practice and Remedies Code Chapter 31.002, Plaintiff alleges that all remedies available at law or in equity to it are inadequate and the Court has the authority to order the judgment debtor to turn over any and all non-exempt property, including any checking or savings account in the name of the judgment debtor; all financial accounts (including bank accounts); money-market accounts; shares of stock in the name of the judgment debtor; all dividends and interest earned from stock, bonds, certificates of deposit; all safety deposit boxes or vaults; all cash; all securities; all negotiable instruments, including promissory notes, drafts, and checks; all accounts receivable (including those from Medicare and Medicaid), notes receivable, cash income of a going business; interests in joint ventures or partnerships; rights to payment of commissions from a future event; causes of action or choses in action; contract rights, whether present or future; equipment, vehicles, boats, trailers, planes, and motors; royalties from copyrights and patents; royalties from oil and gas ventures, whether in the jurisdiction of the court and whether

present or future; all personal property secreted by the Defendants; all liens to secure performance; income tax refunds in the Defendants' names or to the Defendants' accounts, whether in trust or by direct deposit; and to further provide the receiver with an accounting every month until the judgment is paid.

10. The Defendants' property cannot readily be attached or levied on by ordinary legal process. This property is not exempt under any statute from attachment, execution, or seizure for the satisfaction of liabilities. (Ex. A).

### III. APPOINTMENT OF RECEIVER

11. Rule 69 of the Federal Rules of Civil Procedure dictates that the proceeding supplementary to and in aid of a judgment or execution must accord with the practice and procedure of the state where the district court is located.

12. Pursuant to Texas Civil Practice & Remedies Code § 31.002(b), Plaintiff requests this Court to appoint a receiver with authority to take possession of the non-exempt property of the Defendants, sell it and pay the proceeds to Plaintiff to the extent required to satisfy the judgment for attorney's fees herein as well as the costs and attorney's fees incurred in this turnover proceeding and the receiver's fees.

13. Plaintiff requests that Thomas L. Kolker, Greenstein & Kolker, 1006 E. Cesar Chavez St., Austin, Texas, 78702, be appointed Receiver and that the Receiver appointed be required to post a surety or cash bond in the amount of $500.00. Mr. Kolker's Curriculum Vitae is attached as Exhibit "B." Plaintiff further requests that all costs of the Receiver be taxed against the Defendants as costs of court.

14. Pursuant to Texas Civil Practice & Remedies Code § 31.002(c), Plaintiff is entitled to recover reasonable attorney's fees and costs.

15. Plaintiff requests that the Court enter the attached Proposed Order Appointing Receiver, which is in a substantially similar format as receivership orders entered in Bexar and Travis Counties, and in a form substantially similar to the above-described receivership order, as amended, entered by the Bexar County District Court. (Ex. A).

WHEREFORE, Plaintiff requests this Court appoint a receiver and award Plaintiff attorney's fees and costs and other reasonable expenses incurred in obtaining such order.

Respectfully Submitted,

*/s/Philip J. Moss*
Philip J. Moss
Texas Bar #: 24074764
EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, TX  78209
Tel. (210) 308-6222, ext. 102
Fax (210) 308-6223
pmoss@equaljusticecenter.org

ATTORNEY FOR PLAINTIFF

## Certificate of Service

I, Philip Moss, hereby certify that on this 20th day of July, a true and correct copy of the foregoing document was served on each party by my submission of the document to the U.S. District Court:

Glenn J. Deadman
GLENN J. DEADMAN, P.C.
509 South Main Avenue
San Antonio, Texas 78204

Mr. Adam Poncio
PONCIO LAW OFFICE, P.C.
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229

                                                    /s/ *Philip J. Moss*
                                                    Philip J. Moss