IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DANA D. MOHAMMADI,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| vs. | § |
| | § |
| **AUGUSTINE NWABUISI,** | § CIVIL ACTION NO. SA-12-CA-0042 RP |
| **ROSE NWABUISI,** | § |
| **RESOURCE HEALTH SERVICES, INC.** | § |
| **d/b/a RESOURCE HOME HEALTH** | § |
| **SERVICES, INC., and RESOURCE** | § |
| **CARE CORPORATION** | § |
| | § |
| *Defendants*. | § |

## ORDER APPOINTING RECEIVER

CAME ON to be heard the Application for Turnover After Judgment of **DANA D. MOHAMMADI,** (herein "Applicant" or "Plaintiff"); whereupon, the Court, after a review of the papers herein on file, became of the opinion that a Receiver should be appointed to take possession of and sell the leviable assets of **AUGUSTINE NWABUISI; ROSE NWABUISI; RESOURCE HEALTH SERVICES, INC. D/B/A RESOURCE HOME HEALTH SERVICES, INC.; AND RESOURCE CARE CORPORATION,** (herein "Defendant"). Based on the pleadings, the evidence, the affidavit attached to the application and the arguments of counsel, the Court finds that the Defendant owns non-exempt property that cannot readily be attached or levied upon by ordinary legal process. Notwithstanding any contrary language herein, this order does not compel turnover of the Defendant's homestead, real property, or checks for current wages or other exempt property.

**IT IS THEREFORE, ORDERED, ADJUDGED,** and **DECREED** by this Court that **Thomas L. Kolker, Greenstein & Kolker, whose address is 1006 E Cesar Chavez St., Austin, Texas 78702-4208, (telephone number (512) 472-6270, fax number (512) 472-8263) be, and he is hereby appointed Receiver** in this case pursuant to the Texas Turnover Statute with the power and authority to take possession of all leviable property of the Defendant, including, but not limited to the following non-exempt property: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Defendant; (2) all financial accounts (bank accounts), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action or choses of action; (9) contract rights, whether present or future; and (10) accounts receivable; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

Defendant is **ORDERED** to immediately turnover to the Receiver within five (5) days from the Defendant's receipt of a copy of this Order: 1) the documents contained on **Exhibit "A"** attached hereto, together with all documents and financial records which may be requested by the Receiver; 2) all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of the Defendant.

Defendant is **ORDERED** to continue, until the Judgment in this cause is fully paid, to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title, and contracts within three (3) days from the Defendant's receipt and possession of such property, if, as and when Defendant becomes in receipt and possession of any such property. Paychecks for current wages are exempt from this order.

*Order on Plaintiff's Application for Turnover After Judgment on Attorney's Fees and Appointment of a Receiver*

In addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority and powers with respect to the Defendant's property, to: 1) collect all accounts receivable of the Defendant including but not limited to any amounts owed to the Defendant that are payable through Medicare, Medicaid, or any related federal or state programs; 2) to change locks to all premises at which any property is situated; 3) direct the delivery of mail directed to any business owned by the Defendant to the Receiver's address and open all mail directed to any business owned by the Defendant ; 4) endorse and cash all checks and negotiable instruments payable to the Defendant, except paychecks for current wages and all checks made payable to Plaintiff or Plaintiff's attorney either from the Defendant or paid on the Defendant's behalf; 5) hire any person or company to move and store the property of the Defendant; 6) (but not the obligation) to insure any property belonging to the Defendant; 7) obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to the Defendant; 8) obtain from any landlord, building owner or building manager where the Defendant or the Defendant's business is a tenant, copies of the Defendant's lease, lease application, credit application, payment history and copies of the Defendant's checks for rent or other payments; 9) hire any person or company necessary to accomplish any right or power under this Order; 10) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of the Defendant may be situated, and to review and obtain copies of all documents related to same; 11) obtain all records of ownership of real properties, personal properties or motor vehicles of the Defendant in the possession of the Bexar County Tax Assessor/Collector or Central Appraisal District, including any records of payments made or correspondence; 12) obtain all records pertaining to the Defendant from any provider of utilities, telephone service, cell phone service, the Court finding that the requirements

of section 182.054(1) of the Texas Utility Code and PUC Substantive Rule 25.272(g)(1) permit the disclosure; 13) obtain credit reports on the Defendant and witnesses from any Consumer Reporting Agency as defined by Fair Credit Report Act pursuant to 16 U.S.C. §1681B(a)(1); 14) exercise control over any website of the Defendant and direct the administrator or web server to allow Receiver full access to the management of the website; 15) obtain from any creditor of the Defendant (including mortgage companies) copies of the Defendant's credit application, payment history and copies of Defendant's checks for payments; 16) collect rent owed to the Defendant from any tenant of the Defendant; and 17) obtain from any person or entity that compensates the Defendant, including wages and commission, an itemization of all such compensation for the past twelve (12) months from the date of request and as well as any compensation anticipated in the forthcoming six (6) month period from the date of request.

Requests for information made by the Receiver will have the power of subpoena under Texas law and failure to comply with such a request from the Receiver may be treated by the Court as a contempt of court.

Each member, officer and director of the Defendant's is ORDERED to cooperate with the Receiver herein and to provide the documents listed in Exhibit A. The Court may use the power of contempt for knowing failure to comply with this Order.

This Order constitutes authority for the Receiver to collect from the Texas Comptroller of Public Account, Unclaimed Property Division, any funds held in the name of the Defendant and said sums are ordered to be forwarded to the Receiver by the Texas Comptroller upon receipt of this Order.

The Court directs that any Medicare or Medicaid funds, or funds from related state or federal programs, or related private agencies, payable to Resource Health Services, Inc. dba

Resource Home Health Services, Inc. (NPI# 16291179346) or Resource Care Corporation (NPI# 1215038955) be paid directly to the Receiver and this order constitutes authority for Trailblazer Health Enterprises, CGS Administrators, LLC., and/or the National Supplier Clearinghouse or any other Medicare or Medicaid administrator to direct such payments to the Receiver in the manner that the Receiver requests.

The Court directs that any funds due to the Defendant from United Healthcare or Blue Cross/Blue Shield or other medical insurance company be paid directly to the Receiver and this order constitutes authority for these entities to direct such payments to the Receiver in the manner that the Receiver requests.

The Court directs that any funds due to Defendant from Superior Healthplan, Inc., Amerigroup Corporation, Molina Healthcare or Centene Corporation be paid directly to the Receiver and this order constitutes authority for these entities to direct such payments to the Receiver in the manner that the Receiver requests.

All employees of the Defendant and persons under the control of the Defendant are ordered to assist the Receiver in carrying out the powers enumerated herein, including but not limited to identifying the location of financial documents, the identity of debtors of the Defendant and the location of all financial accounts of the Defendant.

The US Marshals Service is hereby directed and ordered to assist the Receiver in carrying out his duties and exercising his powers hereunder and to prevent any person from interfering with the Receiver in taking control and possession of the property of the Defendant. The Receiver is authorized to direct any Constable or Sheriff to seize and sell property under a Writ of Execution.

It is further, **ORDERED** that the above named receiver may open any mail addressed to **DEFENDANT**, redirect the delivery of any mail addressed to **DEFENDANT**, change the mailing

address for the **DEFENDANT**, so that any mail may come directly to the receiver, and take such other action pertaining to the receipt and delivery of **DEFENDANT**'s mail, at the Receiver's discretion.

It is further, **ORDERED,** that the above named receiver may open any e-mail addressed to **DEFENDANT**, redirect the delivery of any e-mail addressed to **DEFENDANT**, change the e-mail address for **DEFENDANT**, so that any e-mail directed to **DEFENDANT** may come directly to the Receiver, and take such other action pertaining to the receipt and delivery of **DEFENDANT**'s e-mail, at the Receiver's discretion. Any e-mail server for an e-mail account of **DEFENDANT** shall cooperate in the actions of the Receiver described herein.

It is further, **ORDERED** that Applicant have and recover of and against the Defendant, Judgment in the additional sum of $500.00 as additional attorney's fees for the presentation of this motion.

It is further, **ORDERED** that no bond is required of the Receiver. The Receiver will pay himself as receiver's fees an amount equal to 25% of all proceeds coming into his possession (before deducting out of pocket costs) which the Court finds is a customary and usual fee for a turnover receiver. The Receiver's fees and expenses are taxed as costs against the Defendant and as costs are in addition to amounts owed under the judgment; and Receiver is further directed and authorized to pay Applicant's attorney as Trustee for the Applicant the remaining proceeds coming into his possession. No receiver's fees exceeding 25% of all proceeds coming into his possession shall be paid to the Receiver unless an application is filed with and ruled by the Court. Applicant is ordered to pay a guaranteed minimum fee to the Receiver in the amount of $400.00 within five (5) days of the entry of this Order. Receiver will reimburse Applicant for the minimum fee out of the first amounts recovered by the Receiver that would otherwise be applied to the Receiver's fee.

All of the Receiver's fees will be taxed as costs against the Defendant. The Receiver is further ordered to take the oath of his office.

SIGNED on _____.

_____
 JUDGE ROBERT PITMAN

**EXHIBIT A TO RECEIVERSHIP ORDER**
**DOCUMENTS TO BE TURNED OVER TO RECEIVER**

Any and all records, as hereinafter described, concerning affairs of the Defendant; unless otherwise noted, for the period 2011 through the present.

1. canceled checks;
2. bank statements; pass books and other bank or financial institution records;
3. federal income and state franchise tax returns;
4. life insurance policies;
5. all motor vehicle Certificates of Title;
6. stock certificates and bonds;
7. promissory notes;
8. bills of sale;
9. real property deeds and deeds of trust (regardless of date);
10. business journals, ledgers, accounts payable and receivable files;
11. pledges, security agreements and copies of financial statements;
12. state sales tax reports;
13. any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date);
14. all personal property returns filed with any taxing authority, including but not limited to any central appraisal district or tax assessor/collector;
15. all documents listing or summarizing property owned by the Defendant for the preceding 72 months; and
16. credit applications and other documents stating debtors' financial condition for the preceding 36 months.