IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANA D. MOHAMMADI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| AUGUSTINE NWABUISI, | § | CIVIL ACTION NO. SA-12-CA-0042 RP |
| ROSE NWABUISI, | § | |
| RESOURCE HEALTH SERVICES, INC. | § | |
| d/b/a RESOURCE HOME HEALTH | § | |
| SERVICES, INC., and RESOURCE | § | |
| CARE CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER APPLICATION FOR TURNOVER AFTER JUDGMENT AND APPOINTMENT OF A RECEIVER

TO THE HONORABLE JUDGE ROBERT L. PITMAN:

In their Supplement (Dkt. No. 154), Defendants seek permission to post property in lieu of a cash bond. Plaintiff files this reply in support of her Application for Turnover after Judgment and Appointment of a Receiver, and in support shows the following:

**I.    Defendants have not attempted to meet their high burden to demonstrate an exception from the normal supersedeas bond requirement.**

Defendants must meet a heavy burden in order to be excused from the general requirement of posting a full supersedeas bond.

> Federal Rule of Civil Procedure 62(d) "establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co.,* 918 F.2d 462, 463–64 (5th Cir.1990); *see* Fed.R.Civ.P. 62(d). The Fifth Circuit has recognized an exception to this rule in situations where a party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal." *Enserch,* 918 F.2d at 464 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979)). However, "[i]f a court

> chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove,* 600 F.2d at 1191 ("[A] supersedeas bond is a privilege extended to the judgment debtor as a price of interdicting the validity of an order to pay money[.]"). . . .
>
> Even if this Court were to agree that Defendant will not "vanish tomorrow" or "hide resources," Def.'s Mot. 2, this does not mean that Defendant can "facilely respond to a money judgment." *Enserch,* 918 F.2d at 464. . . . First, Defendant has not explained how Plaintiff would collect from Defendant. . . . Second, while Defendant has stated that it is generally solvent, the Court is unaware whether Defendant's funds may be used for this particular purpose. *See, e.g., Lightfoot v. Walker,* 797 F.2d 505, 506 (7th Cir. 1986). . . . Because Defendant has failed to meet its burden to demonstrate why this Court should waive or depart from a supersedeas bond requirement, Defendant must post a full supersedeas bond with this Court.

*El Paso Indep. Sch. Dist. v. Richard R.*, 599 F. Supp. 2d 759, 765 (W.D. Tex. 2008) *vacated in part*, 591 F.3d 417 (5th Cir. 2009). Defendants have offered no evidence to meet this burden. To the contrary, Defendants have suggested that their solvency is in question. (Dkt. No. 154 at 2-3). Defendants have failed to provide any specific facts as to how Plaintiff would actually collect from Defendants, leaving the Plaintiff with no security whatsoever.

## II.    Even if the Court were to allow an exception, Defendants' proposal does not provide security for the Plaintiff.

The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor. *See Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). Here, Defendants make only a vague proposal that four out-of-district residential properties that are not owned by the Defendants be "conveyed in trust." (Dkt. No. 154 at 3). Because Defendants' proposal is ill-defined and unworkable, its approval would fail to secure the Plaintiff/judgment creditor.

## III.    Conclusion.

Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to post property in lieu of cash for bond, and that this Court enter an order appointing a receiver as detailed in Docket No. 151.

Respectfully Submitted,

*/s/ Philip J. Moss*
Philip J. Moss
Texas Bar #: 24074764
EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, TX 78209
Tel. (210) 308-6222, ext. 102
Fax (210) 308-6223
pmoss@equaljusticenter.org

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Philip J. Moss, hereby certify that on this 26th day of August, 2016, a true and correct copy of the foregoing document was served on each party by my submission of the document to the U.S. District Court through the Court's ECF system:

Glenn J. Deadman  
Law Offices of Glenn J. Deadman, P.C.  
509 South Main Avenue  
San Antonio, Texas 78204  
Fax: (210) 472-3901  
gjdeadman@aol.com  

Adam Poncio  
Poncio Law Offices, PC  
5410 Fredericksburg Rd., Suite 109  
San Antonio, Texas 78229  
Fax: (210) 212-5880  
salaw@msn.com  

 */s/ Philip J. Moss*  
Philip J. Moss