IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANA D. MOHAMMADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:12-CV-42-RP |
| | § | |
| AUGUSTINE NWABUISI, ROSE | § | |
| NWABUISI, RESOURCE HEALTH | § | |
| SERVICES, INC. d/b/a RESOURCE | § | |
| HOME HEALTH SERVICES, INC., and | § | |
| RESOURCE CARE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Plaintiff Dana D. Mohammadi's ("Plaintiff" or "Applicant") Opposed Motion to Appoint Receiver and Application for Turnover After Judgment and the responsive pleadings thereto. (Dkt. 151, 153, 154, 156). After reviewing the filings, the relevant law, and the factual record, the Court hereby **GRANTS** the Motion and Application.

**I. Background**

Plaintiff brought suit against Defendants for violations of the Fair Labor Standards Act ("FLSA"). This Court granted Plaintiff summary judgment on the issues of liability, liquidated damages, and willfulness. (Dkt. 46). Judge David Ezra conducted a bench trial to resolve the remaining issues in dispute, resulting in an award of unpaid wages and liquidated damages in Plaintiff's favor. (Dkt. 81). On September 29, 2014, Judge Ezra awarded Plaintiff $113,174.25 in attorney's fees. (Dkt. 96). Defendants appealed the Court's Findings of Fact and Conclusion of law, but the Court denied Defendants leave to extend their time to appeal the Court's first award of attorney's fees. (Dkt. 98).

On appeal, the Fifth Circuit affirmed all but one of this Court's findings, reversing and remanding only on the question of willfulness. (Dkt. 105). On March 22, 2016, after a one-day bench trial, this Court entered judgment in Plaintiff's favor as to that issue. (Dkt. 134). On June 13, 2016, the Court granted Plaintiff's Third Motion for Attorney's Fees, finding that Plaintiff was entitled to an additional $59,237.50 for costs reasonably incurred on appeal before the Fifth Circuit and during the subsequent bench trial. (Dkt. 148). Defendants subsequently amended their notice of appeal, (Dkt. 149), to reflect their appeal of the Court's order granting Plaintiff's Third Motion for Attorney's Fees. Plaintiff has collected the underlying judgment (Pl.'s App. Turnover, Dkt. 151, at 2). However, Defendants have not paid any of the $172,411.75 in attorney's fees awarded to Plaintiff or posted a bond with the Court. (Id.; see generally Defs.' Resp. App. Turnover, Dkt. 153). Plaintiff thus requests that this Court appoint a receiver to take possession of the nonexempt property of Defendants, sell said property, and pay the proceeds to Plaintiff to the extent necessary to satisfy the existing judgment for attorney's fees and any costs and fees associated with the turnover proceeding. (Pl.'s App. Turnover, Dkt. 151, at 4).

During a telephonic conference on August 30, 2016, the Court advised Defendants that it would grant Plaintiff's Motion and Application if Defendants did not post a supersedeas bond by September 13, 2016. Defendants failed to meet that deadline. Instead, and without notice to this Court, they filed an Emergency Motion for Stay of Proceedings and Request for Posting of Property as Supersedeas bond with the United States Court of Appeals for the Fifth Circuit. (Pl.'s Advisory, Dkt. 158, Ex. A). The Fifth Circuit denied Defendants' motion on September 19, 2016.

## II. Legal Standard

If an appeal is taken, Federal Rule of Civil Procedure 62(d) allows an appellant to obtain a stay by supersedeas bond. Fed. R. Civ. P. 62(d).

Federal Rule of Civil Procedure 69 states that a money judgment is enforced by a writ of execution and that the procedure on execution, as well as in related proceedings, must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69. In Texas, the relevant law provides that a judgment creditor is entitled to aid from a court to reach property to obtain satisfaction on the judgment if the judgment debtor owns property that (1) cannot readily be attached or levied by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) ("Texas Turnover Statute"). The court may accomplish this in a number of ways, including by appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b)(3).

### III. Relief

Based on the pleadings, evidence, and the arguments of counsel, the Court finds that the Defendants own non-exempt property that cannot readily be attached or levied upon by ordinary legal process.

**IT IS THEREFORE ORDERED**, **ADJUDGED**, and **DECREED** that Thomas L. Kolker, of Greenstein & Kolker, is hereby appointed receiver in this case pursuant to the Texas Turnover Statute. Mr. Kolker's address is 1006 E. Cesar Chavez St., Austin, Texas 78702-4208. His phone number is (512) 472-6270, and his fax number is (512) 472-8263. Mr. Kolker ("Receiver") is hereby granted the authority to take possession of all leviable property of Defendants, including but not limited to the following non-exempt property: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of Defendants; (2) all financial accounts, including bank accounts, certificates of deposit, and money-market accounts; (3) all securities; (4) all equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and

checks; (8) all causes of action or choses in action; (9) all contract rights, whether present or future; and (10) all accounts receivable. All such property shall be held in *custodia legis* of Receiver as of the date of this Order.

**IT IS FURTHER ORDERDED** that Defendants turn over to Receiver (1) the documents contained on Exhibit "A" attached hereto, together with all documents and financial records which may be requested by Receiver; and (2) all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of Defendants. Defendants must turn these items over to Receiver on or before October 17, 2016.

**IT IS FURTHER ORDERED** that Defendant continue, until the judgment in this case is fully paid, to turn over to Receiver at his address all checks, cash, securities, promissory notes, documents of title, and contracts. Defendants must turn these items over within three (3) days of Defendants' receipt and/or possession of such property. Paychecks for current wages are exempt from this order.

In addition to the powers of the receiver set forth herein, Receiver shall have the following rights, authority, and powers with respect to Defendants' property: (1) the right to collect all accounts receivable of Defendants, including but not limited to any amounts owed to Defendants that are payable through Medicare, Medicaid, or any related federal or state programs; (2) the right to change locks at all premises at which any property is situated; (3) the right to endorse and cash all checks and negotiable instruments payable to Defendants, except paychecks for current wages and all checks made payable to Plaintiff or Plaintiff's attorney either from Defendants or paid on Defendants' behalf; (4) the right to hire any person or company to move and store the property of Defendants; (5) the right, but not the obligation, to insure any property belonging to Defendants; (6) the right to obtain from any financial institution, bank, credit union, or savings and loan association any financial records belonging to or pertaining to Defendants; (7) the right to obtain copies of

Defendants' lease, lease application, credit application, payment history, and checks for rents or other payment from any landlord, building owner, or building manager where Defendants or their business are a tenant; (8) the right to hire any person or company necessary to accomplish any right or power under this Order; (9) the right to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, and leased premises wherein any property of Defendants may be situated, and to review and obtain copies of all documents related to the same; (10) the right to obtain all records of ownership of real properties, personal properties, or motor vehicles of Defendants in the possession of the Bexar County Tax Assessor/Collector or Central Appraisal District, including any records of payments made or correspondence; (11) the right to obtain all records pertaining to Defendants from any provider of utilities, telephone service, cell phone service[1]; (12) the right to obtain credit reports on Defendants and witnesses from any consumer reporting agency, as defined by the Fair Credit Reporting Act, pursuant to 16 U.S.C. § 1681b(a)(1); (13) the right to obtain from any creditor of Defendants (including mortgage companies) copies of Defendants' credit applications, payment history, and copies of Defendants' checks for payments; (14) the right to collect rent owed to Defendants from any tenants; and (15) the right to obtain from any person or entity that compensates Defendants, including through wages or commission, an itemization of all such compensation for the twelve (12) months preceding the date of the request, as well as any compensation anticipated in the six (6) months following.

      Requests for information made by Receiver will have the power of subpoena under Texas law, and failure to comply with such requests may be treated by the Court as contempt of court.

      Each member, officer, and director of Defendants is **ORDERED** to cooperate with Receiver and to provide the documents listed in Exhibit A. The Court may use the power of contempt for knowing failure to comply with this Order.

---

[1] The Court finds that the requirements of section 182.054(1) of the Texas Utility Code and Public Utility Commission Substantive Rule 25.272(g)(1) permit this disclosure.

This Order constitutes authority for Receiver to collect from the Texas Comptroller of Public Accounts' Unclaimed Property Division any funds held in Defendants' name(s). Said sums are **ORDERED** to be forwarded to Receiver by the Texas Comptroller upon receipt of this Order.

The Court **ORDERS** that any Medicare or Medicaid funds, funds from related state or federal programs, or funds from related private agencies payable to Resource Health Services, Inc. (d/b/a Resource Home Health Services, Inc., NPI# 16291179346, and Resource Care Corporation, NPI#1215038955) be paid directly to Receiver. This Order constitutes authority for Trailblazer Health Enterprises, CGS Administrators, LLC, the National Supplier Clearinghouse, and/or any other Medicare or Medicaid administrator to direct such payments to Receiver in the manner Receiver requests.

The Court **ORDERS** that any funds due to Defendants from United Healthcare, Blue Cross/Blue Shield, or any other medical insurance company be paid directly to Receiver. This Order constitutes authority for these entities to direct such payments to Receiver in the manner Receiver requests.

The Court **ORDERS** that any funds due to Defendants from Superior Healthplan, Inc., Amerigroup Corporation, Molina Healthcare, or Centene Corporation be paid directly to Receiver. This Order constitutes authority for these entities to direct such payments to Receiver in the manner Receiver requests.

All employees of Defendants and persons under the control of Defendants are ordered to assist Receiver in carrying out the powers enumerated herein, including but not limited to identifying the location of financial documents, the identity of debtors of the Defendants, and the location of all financial accounts of Defendants.

**IT IS FURTHER ORDERED** that Plaintiff may recover against Defendants a judgment in the sum of $500.00 as additional attorney's fees for the presentation of the instant motion.

**IT IS FURTHER ORDERED** that no bond is required of Receiver. Receiver will pay himself as receiver's fees an amount equal to 25% of all fees coming into his possession (before deducting out-of-pocket costs), which the Court finds is a customary and usual fee for a turnover receiver. Receiver's fees and expenses are taxed as costs against Defendants and are in addition to amounts owed under the judgment. Receiver is further directed and authorized to pay Plaintiff's attorney, as trustee, the remaining proceeds coming into his possession. No receiver's fees exceeding 25% of all proceeds coming into his possession shall be paid to Receiver unless an application is filed with and ruled on by this Court. Plaintiff is ordered to pay a guaranteed minimum fee to Receiver in the amount of $400.00 within five (5) days of the entry of this Order. Receiver will reimburse Plaintiff for the minimum fee out of the first amounts recovered by Receiver that would otherwise be applied to the receiver's fee. All of Receiver's fees will be taxed as costs against Defendants.  **IT IS FURTHER ORDERED** that Receiver take the oath of his office.

Notwithstanding any contrary language herein, this Order does not compel turnover of the Defendant's homestead, real property, checks for current wages, or other exempt property.

Any request for relief by Plaintiff not granted herein is denied without prejudice. Any successive requests for relief should include a showing of specific need.

**SIGNED** on October 11, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

## EXHIBIT A TO RECEIVERSHIP ORDER
## DOCUMENTS TO BE TURNED OVER TO RECEIVER

Any and all records, as hereinafter described, concerning affairs of the Defendant; unless otherwise noted, for the period 2011 through the present.

1. canceled checks;
2. bank statements; pass books and other bank or financial institution records;
3. federal income and state franchise tax returns;
4. life insurance policies;
5. all motor vehicle Certificates of Title;
6. stock certificates and bonds;
7. promissory notes;
8. bills of sale;
9. real property deeds and deeds of trust (regardless of date);
10. business journals, ledgers, accounts payable and receivable files;
11. pledges, security agreements and copies of financial statements;
12. state sales tax reports;
13. any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date);
14. all personal property returns filed with any taxing authority, including but not limited to any central appraisal district or tax assessor/collector;
15. all documents listing or summarizing property owned by the Defendant for the preceding 72 months; and
16. credit applications and other documents stating debtors' financial condition for the preceding 36 months.