IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANA D. MOHAMMADI, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 5:12-CV-42-RP |
| § | | |
| AUGUSTINE NWABUISI, ROSE § | | |
| NWABUISI, RESOURCE HEALTH § | | |
| SERVICES, INC. d/b/a RESOURCE § | | |
| HOME HEALTH SERVICES, INC., and § | | |
| RESOURCE CARE CORPORATION, § | | |
| § | | |
| Defendants. § | | |

## ORDER

Before the Court in the above-entitled matter is Plaintiff's Fifth Motion for Attorney's Fees. (Dkt. 171). Having reviewed the motion, relevant law, and the case file, the Court enters the following order.

## I. BACKGROUND

Plaintiff Dana D. Mohammadi ("Plaintiff") brought suit against Augustine Nwabuisi, Rose Nwabuisi, Resource Health Services, Inc., and Resource Care Corporation (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"). After granting summary judgment on some issues, United States District Judge David Ezra conducted a bench trial. That trial resulted in an award of unpaid wages and liquidated damages in Plaintiff's favor. (Dkt. 81). Judge Ezra awarded Plaintiff $113,174.25 in attorney's fees. (Dkt. 96).

Defendants appealed Judge Ezra's Findings of Fact and Conclusion of Law. (Dkt. 98). On appeal, the Fifth Circuit affirmed all but one of Judge Ezra's findings, reversing and remanding only

on the question of willfulness. (Dkt. 105). The case was then reassigned to the undersigned. (Dkt. 111). After a one-day bench trial, this Court entered judgment in Plaintiff's favor as to willfulness. (Dkt. 134). The Court then granted Plaintiff's Third Motion for Attorney's Fees,[1] finding Plaintiff was entitled to an additional $59,237.50 for costs reasonably incurred on appeal before the Fifth Circuit and during the subsequent bench trial. (Dkt. 148). Defendants appealed that Order, (Dkt. 149), which the Fifth Circuit affirmed, (Dkt. 166).

Plaintiff subsequently moved for attorney's fees incurred on the second appeal. (Fourth Mot. Fees, Dkt. 164). Defendants objected, arguing that the amount sought was "excessive for a single-plaintiff FLSA case" and that Plaintiff "improperly calculate[d] the fees at increased rates." (Resp., Dkt. 165, at 1). The Court denied Plaintiff's motion without prejudice, noting that it required additional information to evaluate Plaintiff's entitlement to the requested relief. (Dkt. 170). Plaintiff then filed her Fifth Motion for Attorney's Fees, (Dkt. 171), which is now before the Court.

Defendants did not respond to the instant motion. If a party fails to timely respond to a motion, the court may grant the motion as unopposed. W.D. Tex. Local R. CV-7(e)(2). However, because Defendant did respond to Plaintiff's Fourth Motion for Attorney's Fees, which seeks the same relief as the instant motion, the Court will evaluate Plaintiff's Fifth Motion for Attorney's Fees on its merits.

## II. LEGAL STANDARD

The FLSA entitles a prevailing plaintiff to reasonable attorney's fees and court costs. The statute states that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29

---

[1] Plaintiff's Second Motion for Attorney's Fees, (Dkt. 103), was dismissed without prejudice. (Order, Dkt. 134, at 10).

U.S.C. § 216(b); *see also Shelton v. M.P. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("[A]ttorney fees are integral part of the merits of FLSA cases."). A prevailing plaintiff "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

The Fifth Circuit has instructed district courts to "use the lodestar method to calculate an appropriate attorney's fee award under the FLSA." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). This method entails two steps. First, the court calculates a lodestar by "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work." *Id.* A plaintiff seeking attorney's fees has "the burden of showing the reasonableness of the hours billed" and demonstrating that counsel exercised "billing judgment." *Id.* Second, the court—after calculating the lodestar—"may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Id.* at 800.

The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Of these, "the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and

3

ability of counsel." *Saizan*, 448 F.3d at 800 (quoting *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)).

### III. DISCUSSION

Plaintiff requests a lodestar award of $26,462.00. (Fifth Mot. Fees, Dkt. 171, at 2). Defendant does not provide an alternative lodestar amount, contending instead that the request "should be denied in whole or in part" for the reasons addressed below. (Resp., Dkt. 165, at 2).

As explained above, the lodestar method consists of "multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The Court must therefore address separately (1) the hours reasonably expended in litigation; and (2) the prevailing market rate for this type of work in the community.

*A. Hours Reasonably Expended in Litigation*

Defendants first argue that any request for fees should be denied because "[t]here is no breakdown for the hours and work completed nor hours for the respective attorneys, nor paralegals, nor interns." (Resp., Dkt. 165, at 2). Contrary to Defendants' argument, however, Plaintiff provides a detailed timesheet identifying the staff member who performed the work, the time spent on the task, and a description of the task. (Dkt. 164-3).

Defendants also assert that no fees should be awarded for the work of paralegals or interns because the declaration of attorney Edmond S. Moreland, Jr., (Moreland Decl., Dkt. 164-4), includes "no testimony with regard to paralegals and interns." That argument is applicable to the prevailing rate for work performed by paralegals or interns, but not to the issue of how many hours Plaintiff's counsel reasonably expended in litigation.

4

The Court therefore accepts the hours calculation provided by Plaintiff, whose attorneys have already discounted hours to account for duplicative work and clerical activities. (Fifth Mot. Fees, Dkt. 171-1, at 6 (describing the efforts of Plaintiff's counsel to exercise billing judgment)). Discounting the hours already written off by Plaintiff, the hours reasonably expended in support of this litigation total 100.9. (Fifth Mot. Fees, Dkt. 171, at 2).

### B. Prevailing Market Rate

After determining the number of hours reasonably expended on the litigation, the Court must determine "an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The court is to determine the prevailing market rates based upon the rates in the community in which the district sits. *Meesook v. Grey Canyon Family Medicine, P.A.*, No. 5:13-CV-729, 2014 WL 5040133, at * 3 (W.D. Tex. Oct. 8, 2014) (citing *Tollet v. City of Kemah*, 285 F.3d 357, 68 (5th Cir. 2002)). "Generally, the reasonable rate for a particular community is established through affidavits of other attorneys practicing there." *Tollet*, 285 F.3d at 368.

Here, Plaintiff calculates the hourly rates of involved attorneys or staff members as follows:

| Attorney or Staff Member | Hourly Rate |
|---|---|
| Philip Moss (attorney) | $310 |
| Colleen Mulholland (attorney) | $250 |
| Maricruz Mosqueda (legal fellow, intern, or staff member) | $150 |
| Jeffrey Pote (legal fellow, intern, or staff member) | $150 |

In a declaration, attorney Philip J. Moss—who acted as lead counsel on this matter—states that the rates detailed above are reasonable. (Moss Decl., Dkt. 164-3, ¶ 5). These statements are echoed in a declaration by Mr. Moreland, a labor and employment attorney who regularly practices in San Antonio and Austin. According to Mr. Moreland, the rates sought by Plaintiff are "reasonable given the attorneys' skills, expertise, and reputations, and they are within the range of rates awarded

to attorneys with similar backgrounds and experience." (Moreland Decl., Dkt. 164-4, ¶ 9). San Antonio labor and employment attorney Glen D. Mangum concludes the same. (Mangum Decl., Dkt. 164-5, ¶ 12).

Defendant objects, arguing that (1) the Court previously calculated Mr. Moss's hourly billing rate at $280 per hour and Ms. Mulholland's rate at $245 per hour; and (2) "[t]here is no justification for an increased rate." (Resp., Dkt. 165, at 1–2; Order, Dkt. 148, at 8). This is not entirely true: Plaintiff, in her motion, argues that the increase in the billing rates for Mr. Moss and Ms. Mulholland are necessary to account for "attorney tenure and current legal market conditions." (Fifth Mot. Fees, Dkt. 171-1, at 5). In support, Plaintiff cites a *Texas Lawyer* survey and other sources, none more recent than 2015. (*Id.* at 5 n.2). As this Court's previous order on attorney fees was granted in 2016, it sees no reason to adjust its assessment of reasonable fees based on this data. Moreover, as the previous order was issued less than eight months before Plaintiff's subsequent motion for fees, the Court is unconvinced that Plaintiff's proposed increase in billing rates is necessary to account for attorney tenure. The Court will therefore calculate Mr. Moss's hourly billing rate at $280 per hour and Ms. Mulholland's rate at $245 per hour.

With respect to the appropriate rate for paralegals and interns, Defendants assert that Mr. Moreland's declaration includes "no testimony with regard to paralegals and interns." Mr. Moreland's declaration in fact notes that a recent case in this district deemed $150.00 the appropriate rate for paralegals and law students. (Moreland Decl., Dkt. 164-4, ¶ 8 (citing *Rodriguez et al. v. Mech. Tech. Servs., Inc.*, No. 1:12-CV-710, 2015 WL 8362931 (W.D. Tex. Dec. 8, 2015))). Moreover, Defendants offer no evidence supporting their contention that the rate for such work is "generally $50 to $75 hourly in Bexar County, Texas and in the Fifth Circuit."

In recent years, courts in the Western District of Texas have found reasonable attorney rates to range from $60 to $160 for paralegals, legal interns, and legal assistants. *See Rodriguez*, 2015 WL 8362931, at *6; *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 628 (W.D. Tex. 2015). Furthermore, the Court takes judicial notice of the State Bar of Texas Department of Research and Analysis's 2014 conclusion that the median hourly rate of full-time paralegals was $121. State Bar of Tex., Paralegal Division Compensation Survey 15 (2014). The Court therefore finds $125 to be a reasonable and customary rate for paralegals and legal interns working on this type of litigation.

Using the hours and rates detailed above, the Court computes the lodestar as follows:

| Attorney or Staff Member | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Philip Moss (attorney) | $280 | 72.7 | $20,356.00 |
| Colleen Mulholland (attorney) | $245 | 15.4 | $3,773.00 |
| Maricruz Mosqueda (paralegal) | $125 | .5 | $62.50 |
| Total | | | $24,191.50 |

*C. Johnson Factors*

"There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). Having calculated the lodestar, however, the Court must consider whether to enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson*. *Id.* As noted above, those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 502 n.7 (citing *Johnson*, 488 F.2d at 717–19).

Defendants make cursory arguments regarding four of the factors.[2] (Resp., Dkt. 165, at 4). The Court addresses each of those arguments in turn.

1. Time and Labor Required

Defendants argue that "the work on appeal is duplicative of the work at the trial court level regarding the motion for sanctions" and that the fee demand should therefore be cut in half. (Resp., Dkt. 165, at 2).[3] They offer no evidence to support this claim, however, and Plaintiff's attorneys have already written off over 20 hours for duplicative activities. (Fifth Mot. Fees, Dkt. 171-1, at 6). As a party requesting an adjustment bears the burden of justifying doing so through "specific evidence," *Perdue v. Kenny A. ex rel. Win*, 559 U.S. 542, 552 (2010), the Court cannot conclude that Plaintiff's conclusory statement is sufficient to justify a downward adjustment of the lodestar amount.

2. Novelty and Difficulty of the Issues in the Case

Defendants also contend that the "factual and legal issues in this case were neither difficult nor unusual." (Resp., Dkt. 165, at 4). They claim that "[t]his case did not present any novel or difficult questions which counsel could not have anticipated [when] preparing for trial." (*Id.*). Since the instant motion involves work performed on appeal and post-trial, the Court sees no reason to adjust the lodestar amount downward based on this issue.

---

[2] Defendants also raise the customary-fee factor, but their arguments on that point—that the hourly rate of Plaintiff's attorneys should be reduced for purposes of this motion—were considered by the Court when calculating the lodestar. The same argument may therefore not be used to justify a departure from the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (explaining that "[t]he lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar award already took that factor into account").

[3] Defendants also assert that Plaintiff's attorneys (1) "have made no attempt to segregate the successful claims from the unsuccessful claims or describe the type of work undertaken" and (2) "have not shown 'billing judgment.'" (Resp., Dkt. 165, at 3). The Court addressed this argument when calculating the lodestar amount, s*ee supra* Part III.A, and it would therefore be improper to consider it again now. *Heidtman*, 171 F.3d at 1043 (describing such reconsideration as "double-counting").

### 3. Preclusion of Other Employment

Defendants also argue that "[t]his is not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time." (Resp., Dkt. 165, at 4). They further assert that "if counsel chose to spend a considerable amount of time on this case to the exclusion of others it was by their choice [and] not necessitated by the nature of the case." (*Id.*). However, the Fifth Circuit has observed that "'preclusion of other employment' is generally subsumed within the lodestar amount." *Heidtman*, 171 F.3d at 1043. In light of that guidance, the cursory nature of Defendants' argument, and the strong presumption that the lodestar award is the reasonable fee, the Court finds insufficient evidence to justify a downward adjustment of the lodestar.

### 4. Awards in Similar Cases

Finally, Defendants note that a district court in 2012 found an award of $10,940.00 reasonable for a single-plaintiff FLSA case tried to a jury. (Resp., Dkt. 165, at 2). However, the instant motion involves work performed post-trial and on appeal since 2016. Defendants therefore fall short of the burden required to justify a downward adjustment of the lodestar amount.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Fifth Motion for Attorney's Fees, (Dkt. 171), is **GRANTED IN PART AND DENIED IN PART**. The Court finds that Plaintiff is entitled to $24,191.50 in reasonable attorney's fees.

**SIGNED** on October 24, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE